**DEERING MILLIKEN RESEARCH CORPORATION, Plaintiff-Appellee,**

v.

**BEAUNIT CORPORATION, Defendant-Appellant.**

**No. 74–2233.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 12, 1975.

Decided Feb. 12, 1976.

---

John A. Reilly, New York City (Edward J. Handler, III, Arthur D. Gray, Albert J. Breneisen, Gary L. Bush, Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, B. B. Olive, Durham, N. C., William S. Rose, New York City, Donald E. Gillespie, Research Triangle Park, N. C., J. Cookman Boyd, Jr., Baltimore, Md., Sauerwein, Boyd & Decker, Baltimore, Md., on brief), for defendant-appellant.

Davidson C. Miller, Arlington, Va. (Robert W. Parkhurst, Stevens, Davis, Miller & Mosher, Arlington, Va., A. Ward McKeithen, Fleming, Robinson & Bradshaw, Charlotte, N. C., on brief), for plaintiff-appellee.

Before CLARK, Supreme Court Justice *, BUTZNER and FIELD, Circuit Judges.

Mr. Justice CLARK:

This infringement suit brought under 35 U.S.C. § 271 by Deering Milliken Research Corporation (Milliken) against Beaunit Corporation (Beaunit) involves a patent on a warp knitted elastic fabric assigned to Milliken by one of its employees, B. G. Lesley.

The District Court sitting without a jury found that the patent was infringed. It held that "the particular combination of stitches and the particular combination of elastic and inelastic yarns therein is not to be found in any prior art in evidence in this case." *Deering Milliken Research Corp. v. Beaunit Corp.* 382 F.Supp. 403, 411 (W. D. North Carolina, 1976). On appeal, Beaunit contends that the subject matter involved in the combination patent was "obvious", as defined in 35 U.S.C. § 103, and therefore not patentable; that the district court dealt with the problem as one of anticipation, rather than obviousness; and that in any event the patent was unenforceable because Deering deceived the Patent Office by not disclosing in its application the best prior art known to it. We find that the combination used was obvious and not patentable. Accordingly, we reverse the judgment and remand the case to the district court with instructions to dismiss.

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

## 1. *The Subject Matter of the Patent:*

Knit fabric is made by interlacing two inelastic threads in a series of connected loops; each row of such horizontal loops is known as "a course" while each row of vertical loops is known as "a wale." When the loops interlace solely in a vertical direction, the resulting fabric is known as "a warp knit fabric." The resulting product under any of the different knit directions is known as "ground construction." Other features may be added to the original ground construction, and these additions determine the final characteristics of the product.

One of the major cost problems in the fabric industry is the amount of yarn a particular product requires. The discomfort attributed to elastic threads that came into contact with the skin required that stretch fabrics contain much additional nonelastic yarn to cover these elastic threads, but the additional yarn added to the cost of the fabric. Here Milliken sought to produce a fabric having "good stretch characteristics" and still be less expensive than those then on the market. Its employee, B. G. Lesley, the inventor, studied the problem, made his discovery, and then worked out an application for a patent covering his new fabric. The patent application described:

> a warp knitted elastic fabric having, in combination, a knitted ground construction composed of a plurality of wales and courses composed of single thread stitches, one thread of each of said pairs forming stitches in adjacent wales and alternate courses, the other thread of each of said pairs forming stitches in non-adjacent wales and alternate courses, and a plurality of elastic threads extending between the wales and generally parallel thereto and being invalid in the ground construction.

The Examiner rejected the application, stating:

> Claim 1 is rejected as unpatentable over Auville et al. in view of Cooper, under 35 U.S.C. 103.

He then explained how the disclosures of Auville and Cooper prevented the patent of the fabric utilizing their teaching because to do so would be "an obvious expedient." Lesley then amended his Claim 1 to define the particular manner in which he would inlay the elastic threads. He repeated the same claim as above, but added language about covering the elastic threads:

> with an inelastic thread of such ground construction wrapped about each of said elastic threads to maintain the same in the ground construction.

It is clear from this language that it was not the ground construction that was patented, nor the inlaying of the elastic threads, but rather that the threads of the ground construction would be utilized in the wrapping of the elastic threads.

Beaunit's defense to the infringement suit concentrated upon the validity of Lesley's patent, claiming that the "wrap around" feature was "obvious" under the standards of 35 U.S.C. § 103. The district court, 382 F.Supp. 403 (W.D.N.C.1974), upheld the patent by deciding this claim against the appellant. First, the district court announced that:

> The mere fact that an invention may seem simple and clear after it is explained or that the inventive concept is carried out by individual elements known in the art does not make it obvious.

*Id.* at 411. After reviewing numerous authorities and cases that had upheld the validity of combination patents, the district court turned to the unchallenged commercial success of the new fabric:

> The evidence establishes, without doubt, that the fabric made from the patent in question has been a commercial success . . . [I]t is evident that the buying public can see enough difference between the fabric made under *Lesley* and the prior art to make this invention a commercial success in what had been before its creation a declining market. See *Otto v. Koppers Co.,* 246 F.2d 789 (4th Cir. 1957), *cert. denied* 355 U.S. 939, 78 S.Ct. 427, 2 L.Ed.2d 420.

*Id.* at 413. After reviewing the prior art offered by Beaunit, the court decided that it failed to disclose the inventive concept of the patent in suit. By the court's own admission, commercial success and Beaunit's swift movement to copy the fabric for its own line of stretch knits played significant roles in the decision to uphold the patent:

> Commercial success and copying by the defendant are evidence indicative of nonobviousness of plaintiff's patented invention as well as the age and the large volume of cited prior art by the defendant.

*Id.* at 414.

The alleged infringer, Beaunit, had the burden of proving that the patent, presumed to be valid, did not meet statutory requirements of validity, *Filterite Corp. v. Tate Engineering, Inc.,* 318 F.Supp. 584 (D.Md.1970), *aff'd* 447 F.2d 62 (4th Cir. 1971). The district court's decision that the "wrap around" feature of Lesley's invention was non-obvious under § 103 was a determination, as a question of law, that Beaunit had not met its burden. Thus, we are free to disagree with the district court even if we cannot brand his conclusion on the issue of obviousness as clearly erroneous.

Nevertheless, "obviousness is a question of law determined against the *factual* background of the state of the prior art and the claimed improvement on it." *Stamicarbon, N. V. v. Escambia Chemical Corporation,* 430 F.2d 920, 924 (5th Cir. 1970), *cert. denied* 400 U.S. 944, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970) (emphasis supplied). In *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), the Supreme Court recognized that:

> While the ultimate question of patent validity is one of law, *A. & P. Tea Co. v. Supermarket Corp.,* 340 U.S. at 155 [71 S.Ct. [127] at 131], the § 103 condition, which is but one of three conditions, each of which must be satisfied, lends itself to several basic factual inquiries. Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.

Id. 383 U.S. at 17, 86 S.Ct. at 694. Accordingly, appellate courts are reluctant to discredit the conclusion the district court may reach on the issue of obviousness. See *Chicago Rawhide Mfg. Co. v. Crane Packing Co.,* 523 F.2d 452, 460 (7th Cir. 1975). We must be convinced that the district judge committed an error requiring reversal.

It was the district court's responsibility to make the factual inquiries required by § 103 and the principles of *Graham, supra.* The scope and content of the prior art, the differences between that prior art and *Lesley's* alleged invention, and the level of ordinary skill in the fabric industry were the factual determinations to be made in this case. Such factors as the commercial success of Milliken's new fabric and Beaunit's swift move to pirate the concept for its own fashion line are, both by the statute and by the reasoning of *Graham,* secondary considerations, indicia of obviousness that may or may not be relevant to the claim. The presumption of validity must first be tested against the three aforementioned factors. It is upon them that we must focus our review.

**2. The Teaching of Auville and Cooper:**

After careful study of the entire record, we find it impossible to uphold the validity of the *Lesley* patent. According to the principles of § 103, the discovery of this process for creating a warp knitted elastic fabric with an economy of thread was not patentable because of its obviousness from the prior art of *Cooper* and *Auville.*

It is not disputed nor could it be that *Auville* teaches the ground construction used in *Lesley*; they are identical. Nor do we believe that Lesley developed any *new* method to maintain and cover the elastic threads in the ground construction. As Deering's own attorney said, [t]he whole point of the invention is that you wrap around the elastic." This we submit was

fully disclosed in *Cooper* where the elastic thread was inlaid between the wales and was wrapped by a ground thread. In this regard we note that Beaunit's expert testified with regard to *Cooper* that "the underlaps of the ground bar, in fact, wrap around the rubber thread in exactly the same way as they do in Figure 1 of the Lesley patent." Significantly this statement not only went unchallenged on cross-examination, but Deering's expert concurred that Cooper taught the "wraparound" feature.[1] This testimony was supported by other witnesses. There was no disagreement among the experts on this "wrap around" feature of *Cooper* and given that "the whole point of the invention is that you wrap around the elastic," the invention is fully disclosed by the prior art. Nor is the fact that Cooper is a one-way stretch of any significance. It was designed as such: the extra thread was placed in it for that purpose. Indeed, Deering's expert admitted that all one had to do to have a two-way stretch was to remove the extra inelastic thread in *Cooper*.

We see no reason to discuss this feature of the case further. It is true, of course, that a patent is presumed to be valid and the burden of establishing invalidity is upon Beaunit. It has met that burden conclusively. The finding of the trial court that *Cooper* "as a whole had no conception of a wrap around for cover purposes" is clearly erroneous. Indeed, even Deering's counsel admits the contrary, and the expert testimony on both sides is to the same effect.

Accordingly, we reverse the judgment below and remand the case to the district court for dismissal.

It is so ordered.

---

1. The appellant's expert stated:

    Well it represents one yarn, the one I drew in red which is *K* which is making a ground construction, this diagram of itself shows that yarn wrapping around two other yarns one of which I know from the context of the document to be an elastic rubber yarn and the other of which I know to be a covering yarn of inelastic nature, . . .